IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA J. CINDRICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No.  05-1348 |
| | ) |
| MICHAEL FISHER, (Attorney General) | ) |
| individually and in his official capacity, et al.,) | |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Defendants seek a change of venue for the within Whistleblower and First Amendment action pursuant to 28 U.S.C. §1404(a).   Defendants contend that litigating this action in the Middle District of Pennsylvania, where there is currently a case pending by Plaintiff against some of the same Defendants, would be in the interest of justice.   Plaintiff wants the litigation to remain here.   After careful consideration of the submissions of the parties, said Motion (Docket No. 4) is denied.

## I.  BACKGROUND[1]

This is an action brought by Plaintiff, Rita Cindrich, a former employee of the Pennsylvania Office of Attorney General, against several current and former officials

---

[1]The following facts are agreed upon unless otherwise noted.

of the Office of Attorney General (hereinafter referred to as *"Cindrich II"*).  In *Cindrich II,* Plaintiff asserts that Defendants violated the Whistleblower Law, 43 P.S. §1422, *et seq.,* and the First Amendment to the United States Constitution when they took certain employment actions against her.  In 2003, Plaintiff filed a lawsuit in the Middle District against most, but not all, of the Defendants (hereinafter referred to as *"Cindrich I"*).  *Cindrich I* and *Cindrich II* contain some of the same facts from 2000-2003, but *Cindrich II* contains addition allegations from 2000-2005, and also contains a Whistleblower claim.  Thus, the cases are related, but not the same.

While *Cindrich I* is still pending in the Middle District, it is at a very different stage of litigation than *Cindrich II*.  Summary judgment has been granted in favor of Defendants as to Plaintiff's First Amendment claim in Cindrich I.  The case has not been closed, however, because the trial judge remanded it to the magistrate judge to consider jurisdiction over the remaining state law claims.    Defendants filed a Motion (Docket No. 4) to change the venue of *Cindrich II* to the Middle District.  Plaintiff responded thereto.  The issue is now ripe for review.

## II.  <u>LEGAL ANALYSIS</u>

Section 1404(a) of Title 28 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a).  The party moving for a transfer of venue bears the burden of establishing the need for transfer.  *See, Jumara v. State Farm Ins. Co.*, 55 F.3d 873,

879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1970), *cert. denied,* 401 U.S. 910 (1971).  In so doing, the movant must prove that: (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be convenient for the parties and witnesses, and (3) the proposed transfer will be in the interests of justice. *See, Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Here, there is no dispute that this action could have been brought in the Middle District of Pennsylvania. What is in dispute is whether the proposed transfer will be convenient for the parties and witnesses, and would serve the interests of justice.

Although acknowledging that "there is no definitive formula or list of factors to consider," the Third Circuit court has identified potential factors it characterized as either public or private interests related to the convenience of parties and witnesses and the interests of justice. *Jumara*, 55 F.3d at 879.  The private interests include: (1) plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records. *Id*. The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations regarding trial; (3) docket congestion in the competing fora; (4) interests in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the governing law. *Jumara,* 55 F.3d at 879.

Defendants do not engage in any analysis or weighing of these factors. Rather, Defendants state only two reasons, one private factor and one public factor, why this case should be transferred: 1) because "one or more of the defendants are in that district" and Defendant Corbett's official place of business is in Harrisburg; and 2) because there is a related case in the Middle District of Pennsylvania.   After an analysis of the factors is performed, it is evident that Defendants have failed to meet their burden of establishing the need for transfer.

## A.  **PRIVATE FACTORS**

The first private factor is the plaintiff's choice of forum.  Plaintiff's choice of venue is usually given paramount consideration. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  Plaintiff resides in Allegheny County.  Thus, Plaintiff has a connection with this District and a legitimate reason for commencing suit here.  Consequently, this factor weighs strongly in favor of denying a transfer.

The second factor obviously favors transfer since Defendants prefer that the case be transferred to the Middle District of Pennsylvania.  Defendants' preference, however, "is entitled to considerably less weight than Plaintiff's." *EVCO Technologies & Development Co., LLC v. Precision Shooting Equip.,* 379 F.Supp.2d 728, 730 (E.D. Pa. 2005), *citing Superior Precast, Inc. v. Safeco Inc. Co. of America,* 71 F.Supp.2d 438, 446 (E.D. Pa. 1999).

With regard to the third factor, the claims appear to have arisen  in this District.  Plaintiff was employed in the Western Regional Office (in Pittsburgh), which is located in this District.  Plaintiff was fired here.  The events upon which Plaintiff

complains took place here.  Consequently, this factor weighs in favor of denying a transfer.

With regard to the fourth factor, the convenience of the parties as indicated by their relative physical and financial conditions,  I have no indication that either side is financially or physically unable to litigate in either forum.  Thus, this factor does not weigh in favor of either side.

The fifth factor, the convenience of the witnesses, appears to weigh in favor of no transfer.  Plaintiff has identified 20 non-party witnesses in the Joint Case Management Plan.  *See,* Docket No. 8-3, p. 5.  Plaintiff avers that all of those witnesses live or work within this District.  Defendants have failed to individually  a single non-party witness who resides or works in the Middle District of Pennsylvania.

The final private factor to consider is the extent to which books and records would be unavailable in one of the fora.  Defendants do not argue that this factor weighs in favor of a transfer.  This case does not appear to be document intensive and any relevant books and records could be transported easily to either forum.  Consequently, this factor is neutral.

**B.  PUBLIC FACTORS**

Factors such as the enforceability of the judgment, public policies, and the familiarity of the trial judge with the applicable law are neutral here.  I also note that neither party has proffered evidence regarding the docket congestion in the competing fora.

Defendants' main argument concerns the public factor of practical considerations regarding ease of the case. Specifically, Defendants assert that *Cindrich I* and *Cindrich II* "are not just related, they largely overlap." *See,* Docket No. 5, p. 6. While it is true that the interests of justice would not be served if related cases arising out of the same circumstances and dealing with the same issues were allowed to proceed separately, that is not the case here. First, the cases do not completely overlap in that *Cindrich II* involves events occurring after 2003. Moreover, *Cindrich II* involves a Whistleblower cause of action, whereas *Cindrich I* does not. Finally, *Cindrich I* is beyond the summary judgment stage. *See,* Docket No. 6-3, Exhibit B. In fact, on June 28, 2005, the magistrate judge issued a report and recommendation granting summary judgment and recommending that the case be closed. *See,* Docket No. 6-3, Exhibit B, Docket entry No. 42. On February 10, 2006, the district judge in *Cindrich I* granted Defendants' motion for summary judgment and remanded to the magistrate judge to consider whether the court should maintain jurisdiction over the remaining state law claims. Consequently, a transfer in this case at this stage would not promote efficient, economical, and expeditious pretrial proceedings and discovery, since that has already been completed in *Cindrich I*. Thus, this factor does not weigh heavily in favor of transfer.

The final public factor interest is in deciding local controversies at home. Since this action deals with the whistleblowing of activity that allegedly occurred in this district, this factor weighs against transfer.

Having carefully weighed the private and public interest factors, and bearing

6

in mind that "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail," I find that Defendants have not met their burden of demonstrating that this action should be transferred. *Shutte,* 431 F.2d at 25, *quoting, Owatonna Manufacturing Company v. Melroe Company,* 301 F.Supp. 1296, 1307 (D.Minn.1969).  Therefore, the Motion to Transfer (Docket No. 4) is denied.

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RITA J. CINDRICH,                               )
                                                )
                Plaintiff,                      )
                                                )
    -vs-                                         )
                                                   Civil Action No.  05-1348
                                                )
MICHAEL FISHER, (Attorney General)              )
individually and in his official capacity, et al.,)
                                                )
                Defendants.                     )

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **15**[th] day of March, 2006, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered that Defendants' Motion Change of Venue (Docket No. 4) is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge