IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA J. CINDRICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1348 |
| | ) |
| MICHAEL FISHER, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Defendants seek to dismiss Plaintiff's Amended Complaint, in part. (Docket No. 10). Defendants move for the dismissal of : 1) All Defendants in their official capacities; 2) Count One of the Amended Complaint (Whistleblower claim) to the extent said claims arose more than 180 days before the original complaint was filed; and 3) Counts Two and Three of the Amended Complaint (First Amendment claims) to the extent said claims are barred by the statute of limitations. (Docket No. 10, p. 3). After careful consideration of the submissions of the parties, said Motion (Docket No. 10) is granted in part and denied in part as more fully set forth below.

### I. BACKGROUND

This is an action brought by Plaintiff, Rita Cindrich, a former employee of the

Pennsylvania Office of Attorney General, against several current and former officials of the Office of Attorney General ("OAG"). *See,* Amended Complaint (Docket No. 2). Therein, Plaintiff asserts that Defendants violated Pennsylvania's Whistleblower Law, 43 P.S. §1422, *et seq.,* (Count I) and the First Amendment to the United States Constitution (Counts II and III). *Id.*

Defendants filed a Motion to Dismiss, In Part, Plaintiff's Amended Complaint. (Docket No. 10). Therein, Defendants move for the dismissal of : 1) All Defendants in their official capacities; 2) Count One of the Amended Complaint (Whistleblower claim) to the extent said claims arose more than 180 days before the original complaint was filed; and 3) Counts Two and Three of the Amended Complaint (First Amendment claims) to the extent said claims are barred by the statute of limitations. (Docket No. 10, p. 3). After briefing by the parties, the issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all the factual allegations as true, and must view the complaint in a light most favorable to the plaintiff. *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 664-65 (3d Cir.1988), *cert. denied*, 489 U.S. 1065 (1989). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff fails to offer any factual basis to support its allegations. *Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assoc., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). In ruling on a motion for failure to state a claim, I must look to whether the

pleaded facts are sufficient to determine that the complaint is not frivolous and provides defendants with adequate notice to frame an answer. *Colburn*, 838 F.2d at 666.

While the Court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. Dekalb County, Ga.*, 433 U.S. 25, 27 n.2 (1997). In addition, the information plaintiff supplies must be sufficient to outline the elements of the claim, or to permit the inference that these elements exist. *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). With this standard in mind, I now turn to the issues in this case.

**B. IMMUNITY**

Defendants argue that they may not be sued in their official capacities. (Docket No. 16, pp. 4-6). Specifically, Defendants argue that when sued in their official capacities they enjoy the same Eleventh Amendment immunity as a state agency. (Docket No. 16, p. 4). Plaintiff does not disagree with this statement. (Docket No. 12, p. 8). Plaintiff does argue, however, that there are applicable exceptions to the Eleventh Amendment immunity. *Id.* at 8-9.

With regard to Plaintiff's Whistleblower claim, Defendants appear to agree that "Pennsylvania has also waived immunity by permitting its employees to file whistleblower actions against government employers, including the Commonwealth." (Docket No. 16, p. 5). Yet, they argue that the Whistleblower law does not waive official capacity immunity in this Court. (Docket No. 16, p. 5).

Defendants' theory is based on Rule 25(d)(1) of the Federal Rules of Civil Procedure. *Id.* Rule 25(d)(1) governs substitution of public officers when they leave office.[1] I find this theory has no merit.  It is well-established that a suit against a state official in his official capacity is not a suit against the person named, but rather a suit against the public entity. *Brandon v. Holt*, 469 U.S. 464, 471 (1985).   Thus, the issue of who is named in an official capacity suit has no bearing on the issue of immunity. Therefore, dismissal of Plaintiff's Whistleblower claim against Defendants sued in their official capacity is not warranted based on this theory.

With regard to Plaintiff's First Amendment §1983 claims, Defendants make a fleeting conclusory statement that "defendants may not be sued under §1983 in their official capacities." (Docket No. 16, p. 5).   Plaintiff concedes that "state employees acting in their official capacity enjoy immunity" with regard to §1983 claims. (Docket No. 12, p. 8).  I agree that Defendants sued in their official capacity enjoy immunity as to Plaintiff's §1983 claims.  *See, Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).  Consequently, dismissal of the Defendants sued in their official capacity is warranted as to Plaintiff's §1983 claims (Counts II and III).

---

[1] Rule 25(d)(1) provides as follows:

**(d)    Public Officers; Death or Separation from Office.**

  (1)   When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

## C. <u>STATUTE OF LIMITATIONS UNDER THE WHISTLEBLOWER LAW</u>

Under Pennsylvania's Whistleblower law, an employee who alleges a violation of the whistleblower law may bring a civil action "for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation." 43 P.S. § 1424(a). Defendants assert that Plaintiff's claims against them for actions taken prior to April 1, 2005 (180 days prior to the filing of the Original Complaint in this Court), on the whistleblower claim should be dismissed. Plaintiff recognizes the limitation but argues that her claims are subject to the discovery rule. (Docket No. 12, pp. 7-8 and Docket No. 17, p. 4). The sparse Pennsylvania case law on the 180 day time period, however, does not support Plaintiff's position. In fact, these cases hold that the time period is mandatory, should be strictly applied, and that "courts have no discretion to extend it." See, *O'Rourke v. Pennsylvania Department of Corrections*, 730 A.2d 1039, 1042 (Pa. Cmwlth. 1999); *Perry v. Tioga County*, 649 A.2d 186 (Pa. Cmwlth. 1994), *allocatur denied,* 655 A.2d 995 (1995) ("any contrary interpretation would make this provision meaningless"). Therefore, I find that dismissal with prejudice of all whistleblower claims occurring before April 1, 2005, is warranted.

## D. <u>STATUTE OF LIMITATIONS UNDER §1983 CLAIMS AS TO DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES</u>

Counts II and III of Plaintiff's Amended Complaint assert that Plaintiff was retaliated against in violation of the First Amendment and are brought pursuant to 42 U.S.C. §1983. *See,* Amended Complaint (Docket No. 2, ¶4). There appears to be no

disagreement that the statute of limitations for a §1983 action brought in Pennsylvania is two years. *See,* 42 Pa.C.S.A. §5524(2); *see also, Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir.2000). (Docket No. 16, p. 8; Docket No. 12, p. 7; Docket No. 17, p. 4). Plaintiff argues, however, that her claims "are subject to the discovery rule, which delays the start of any limitations period to a point at which a claimant reasonably might know about the existence of a potential claim." Docket No. 17, pp. 4-5). Thus, Plaintiff argues that it is premature to dismiss her claims at this stage of litigation because there are facts that might uncover when Plaintiff knew or should have known of her injury. *Id.* Defendants, on the other hand, argue that all of the acts complained of by Plaintiff that occurred on or before September 28, 2003 (the date this action was initiated), were known to Plaintiff at the time they occurred. I agree with Defendants in that acts of retaliation are usually discrete acts such that a plaintiff would know the injury has occurred. *See, O'Connor v. v. City of Newark,* 440 F.3d 125, 127-29 (3d Cir. 2006). After a thorough review of the Amended Complaint, such is the case here. *See,* Amended Complaint  (Docket No. 2). As a result, acts of retaliation that occurred prior to September 28, 2003, should be dismissed with prejudice as time barred.

Finally, Plaintiff asserts that the statute of limitations may be tolled based on a continuing violation theory. (Docket No. 12, p. 7). Defendants argue that the continuing violation theory does not apply in First Amendment retaliation claims. (Docket No. 16, pp. 9-10). As support for this proposition, Defendants cite to *O'Connor v. City of Newark,* 440 F.3d 125 (3d Cir. 2006). In *O'Connor*, the Third Circuit

held acts of retaliation are discrete acts and, as such, cannot be considered continuing violations so as to toll the statute of limitations. *Id.* at 127-29. *O'Connor* is precedential and must be applied in this case. Consequently, Plaintiff's First Amendment retaliation claims for injuries that occurred prior to September 28, 2003, should be dismissed with prejudice as time barred.

*******************************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA J. CINDRICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1348 |
| | ) |
| MICHAEL FISHER, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# ORDER OF COURT

AND NOW, this **10th** day of April, 2006, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered that Defendants' Motion to Dismiss, In Part (Docket No. 10) is granted in part and denied in part as follow:

1. Defendants' Motion to Dismiss Plaintiff's Whistleblower claims based on Eleventh Amendment immunity is denied;

2. Defendants' Motion to Dismiss Plaintiff's §1983 First Amendment retaliation claims based on Eleventh Amendment immunity is granted as to Defendants sued in their official capacity, but denied as to Defendants sued in their individual capacities;

3. Defendants' Motion to Dismiss Plaintiff's Whistleblower claims based on the 180 day statute of limitations is granted such that all whistleblower claims occurring

before April 1, 2005, are dismissed with prejudice; and

4. Defendants' Motion to Dismiss Plaintiff's §1983 First Amendment retaliation claims based the two year statute of limitations is granted such that all First Amendment retaliation claims occurring prior to September 28, 2003, are dismissed with prejudice.

An initial case management conference is scheduled for Monday, April 17, 2006, at 10:00 A.M. before the undersigned in Room 3280 on the Third Floor of the U.S. Post Office & Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Counsel must have settlement authority and parties must be available by telephone. It is also Ordered that Position Papers are to be submitted according to Chief Judge Ambrose's Chamber Rules.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge